UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JHON ROBBIN LITTON,

      Plaintiff,

v.                                          No.:   3:12-cv-135
                                                      (VARLAN/GUYTON)

SCOTT COUNTY SHERIFF'S DEPT.,
SHERIFF MIKE CROSS,
SGT. STEVEN BARCLAY, and
CAPT. GLENDARA TUCKER,

      Defendants.

## MEMORANDUM AND ORDER

The Court is in receipt of a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. It appears from the application that the plaintiff lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, the Clerk is **DIRECTED** to file this action without the prepayment of costs or fees or security therefor as of the date the complaint was received.

The Clerk is **DIRECTED** to send the plaintiff a service packet (a blank summons and USM 285 form) for defendants Mike Cross and Steven Barclay. For the following reasons, process shall not issue as to the remaining defendants.

Plaintiff is an inmate in the Roane County Jail. His complaint concerns an alleged assault upon him by fellow inmates during his confinement in the Scott County Jail. Plaintiff also complains of the manner in which he was confined in that facility after the assault. The

defendants are the Scott County Sheriff's Department, Scott County Sheriff Mike Cross, Sgt. Steven Barclay, and Capt. Glendara Tucker.

The Scott County Sheriff's Department is not a suable entity within the meaning of 42 U.S.C. § 1983 and it is **DISMISSED** from this action. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (a police department is not an entity which can be sued under § 1983); *see also De La Garza v. Kandiyohi County Jail*, 18 F. App'x 436, 437 (8th Cir. 2001) (neither a county jail nor a sheriff's department is a suable entity); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("[s]heriff's departments and police departments are not usually considered legal entities subject to suit"); *Bradford v. Gardner*, 578 F. Supp. 382, 383 (E.D. Tenn. 1984) ("the Sheriff's department itself is not a suable entity under Section 1983").

Plaintiff alleges that, upon his arrest, he informed defendant Cross that he could not be housed in general population and that he had an incompatible status with fellow inmate James York. Plaintiff further alleges that when he asked to make a telephone, defendant Barclay instructed another jailer to take plaintiff to C pod. Plaintiff claims he objected because inmate York was in C pod, but was assured that inmate York was locked down. According to plaintiff, after making his call, inmate York along with two other inmates opened their cell door, pulled plaintiff into the cell, and assaulted him to the point that he had to be treated at the emergency room for head and eye injuries. Plaintiff makes no factual allegations whatsoever against defendant Glendara Tucker and she is **DISMISSED** from this action.

2

Case 3:12-cv-00135-TAV-HBG   Document 3   Filed 04/09/12   Page 2 of 4   PageID #: 11

The plaintiff is **ORDERED** to complete the service packets for defendant Cross and Barclay, and return them to the Clerk's Office within twenty (20) days of the date of receipt of this Memorandum and Order. At that time the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service. Fed. R. Civ. P. 4. The plaintiff is forewarned that failure to return the completed service packets within the time required could jeopardize his prosecution of this action.

Defendants Cross and Barclay shall answer or otherwise respond to the complaint within twenty (20) days from the date of service. Defendants' failure to timely respond to the complaint may result in entry of judgment by default against defendants.

Plaintiff is **ORDERED** to inform the Court, and the defendants or their counsel of record, immediately of any address changes. Failure to provide a correct address to this Court within ten (10) days following any change of address will result in the dismissal of this action.

Because the plaintiff is an inmate in the Roane County Jail, he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; *or*

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Sheriff of Roane County, Tennessee, and the county attorney for Roane County, Tennessee, to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the Court's financial deputy.

**E N T E R :**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE